UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

v.

THOMAS JOSEPH DE LEON, SR.,

    Defendant.
_____/

Case No. 1:23-cv-341

Hon. Hala Y. Jarbou

## ORDER OF SUMMARY REMAND

Defendant filed a pro se Notice of Removal on April 3, 2023. (Notice of Removal, ECF No. 1.) He claims the underlying case is a civil action, but exhibits attached to his Notice of Removal suggest otherwise. The action Defendant purports to remove is actually a criminal misdemeanor case in which the People of the State of Michigan charged him with operating a vehicle on a suspended, revoked, or denied license on December 8, 2021, in violation of Mich. Comp. Laws § 257.904. The state complaint was filed on December 13, 2021. Defendant first learned of the case no later than his arraignment on January 10, 2022. For the reasons stated below, the Notice of Removal is substantively and procedurally defective.

Removal of a state court criminal action to a federal district court is permitted only in rare circumstances. Removals of state criminal prosecutions are governed substantively by 28 U.S.C. § 1443 and procedurally by 28 U.S.C. § 1445.

Substantively, a state court criminal action may be removed by the defendant to the district court where it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

>    (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  Under Sixth Circuit precedent, for § 1443(1) to apply, "the right denied must arise under a federal law that 'provides for specific civil rights stated in terms of *racial equality*.'" *Tenn. Dep't of Children's Servs. v. Winesburgh*, 614 F. App'x 277, 280 (6th Cir. 2015) (quoting *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989)) (emphasis added).  "It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied . . . or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966).  Removal under § 1443(2) is available only to state officers.  *Peacock*, 384 U.S. at 824 n.22; *see also Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979).  Defendant has not satisfied either substantive avenue available under § 1443.

Procedurally, the Notice of Removal is untimely because it was filed over a year after Defendant's arraignment.  *See* 28 U.S.C. § 1455(b) ("A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court[.]").  In sum, there is nothing that warrants federal court intervention at this time.  Even if Defendant has constitutional defenses to present, there is no barrier to his doing so in the state proceeding.

Even assuming arguendo that Defendant is attempting to remove a civil action, the Notice of Removal is likewise substantively and procedurally defective.  Substantively, Defendant fails to demonstrate that the Court has federal question or diversity jurisdiction over this case.  The underlying state court complaint does not appear to involve any of the federal constitutional issues that Defendant mentions in his Notice of Removal, so there would be no basis for federal question jurisdiction under the well-pleaded complaint rule.  Nor does the Court have diversity jurisdiction.  Defendant became a citizen of California in December of 2022, after the state proceeding began.

*See Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) ("[T]here must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." (citing *Easley v. Pettibone Mich. Cop.*, 990 F.2d 905, 908 (6th Cir. 1933))). Defendant also does not allege the requisite amount required for diversity jurisdiction. Procedurally, the Notice of Removal is untimely because Defendant filed it more than a year after Defendant was initially served. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant[.]").

Accordingly, **IT IS ORDERED** that this matter is **REMANDED** to the state court.

Dated: April 13, 2023 /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE